STATE, USE OF AMANDA OWEN, *v.* J. H. MARSHALL ET AL.

1. SHERIFF. *Refusal to levy attachment. Liability on bond.*

> A sheriff holding an attachment-writ against a corporation may refuse the demand of plaintiff to levy it on the property of the individuals who compose it and manage its affairs, and, by such refusal, he does not incur liability to the plaintiff.

2. SAME. *Duty of sheriff holding process.*

> The liability of the sheriff, under such circumstances, is determined by the legal aspects of the case at the time of his alleged omission of duty, and this cannot be affected by showing that, if the levy had been made, the property might have been thereafter subjected in a chancery proceeding to the demand of plaintiff.

FROM the circuit court of Monroe county.
HON. LOCK E. HOUSTON, Judge.

This action was instituted by Amanda Owen against J. H. Marshall, sheriff of Monroe county, and the sureties on his official bond, to recover an amount alleged to have been lost by the failure of the sheriff to levy plaintiff's attachment-writ on certain property.

The declaration avers that plaintiff obtained a writ of attachment against the estate of Morris Gattman, Jacob Gattman, and Meyer Gattman, doing business as bankers in the town of Aberdeen, under the name and style of Gattman & Co., and directed the sheriff to levy the writ on the several residences of the defendants in said town, each of which, though homesteads, were worth more than $2,000; that the sheriff wilfully and deliberately failed and refused to make the levy upon said property; that he afterwards levied subsequent writs against the same defendants on the property, and, to satisfy these, the property was condemned, and plaintiff, through said omission of the sheriff, lost her claim against defendants.

Several special pleas were filed by defendants, and the trial was had upon demurrers to these and demurrers of defendants to replications. It is not necessary to set out in full the course of the pleadings, or the rulings of the court below thereon. The fourth special plea, which was held good by the circuit court, alleged that defendant, Gattman & Co., was an incorporated company, and the property, alleged in the declaration to be subject to the attachment, was not the property of the corporation, but of the said Jacob, Morris and Meyer Gattman as individuals, and was exempt from levy and sale under the attachment-writ. To this plea, after demurrer overruled, plaintiff filed a replication which, briefly stated, was as follows : That prior to the suing out of plaintiff's attachment, Gattman & Co., who were bankers in Aberdeen, failed, and a very large number of creditors, including plaintiff, attached them ; that there was a prevailing doubt as to whether Gattman & Co. was an incorporated company, with the above-mentioned persons as sole corporators, stock-

holders and owners, or a partnership composed of them; that there had been no election of officers under any charter, and no complete organization or corporate seal, but that the Gatt-mans had, up to the time of their failure, both in business dealings and in court proceedings, styled themselves some-times as partners and sometimes as a corporation; that many of the attachments were against them as a firm, and many against them as a corporation, but that all were intended to be against the banking-house, and were on debts that arose in the banking business; that one of the said writs of attach-ment, subsequent to plaintiff's, and directed against Gattman & Co. as a corporation, was levied upon the said homesteads of the Gattmans; that a general creditors' bill was filed by all of said creditors, including plaintiff and including the sheriff, to enforce, as against all the assets of Gattman & Co., and of Morris, Jacob and Meyer Gattman, individuals com-posing the concern of Gattman & Co., whether a corporation or a partnership, the liens of the attachments; that, in such chancery suit, a receiver was appointed, and a decree finally rendered subjecting all the property of Gattman & Co., and of said individuals, to the attachments in their proper order, regardless of whether the attachments were against Gattman & Co. as a firm or a corporation.

· The replication further averred that if the sheriff had levied the plaintiff's writ on the homesteads of said individ-uals, the result would have been that plaintiff would have obtained satisfaction of her demand by the decree in the chancery suit, whereas, by his failure, the said property was subjected to the satisfaction of liens subsequently obtained by other creditors, as above stated.

The court sustained a demurrer to this replication, and, judgment being rendered for defendant, plaintiff appeals.

*E. H. Bristow,* for appellant.

The fourth plea sets up no legal defense. The declaration alleges a wilful refusal to levy the writ. Law should consist.

with common sense, and it is contrary to common sense to allow the sheriff to excuse his wilful refusal on the ground that the property was not liable, when he is shown to have levied a subsequent writ on the same property whereby the subsequent attacher realized his money. Whether the property was liable, or *prima facie* liable, to levy or not, if we can show that we would have made our money by the levy, we are entitled to recover. That we would have realized cannot be denied, in view of the fact that a subsequent attacher, occupying exactly the position of appellant, did procure the sheriff to levy on the property, and thereby realized his money. The case is analogous to that of *Alexander* v. *Telegraph Co.*, 66 Miss., 161, and 67 Miss., 386, where the court allowed plaintiff to show what, as a matter of fact, *would have* been the result of performance of a duty.

The property was *prima facie* liable to the writ, which was directed against the estate of Morris, Jacob and Meyer Gattman, doing business as bankers. The plea is affirmative. By code 1880, § 1037, individual corporators are liable for the debts of the corporation for the balance due for unpaid subscription to stock. The plea confesses and seeks to avoid the allegations of the declaration. It should therefore show that the estate of the individuals was not liable under any circumstances, and should allege that the stock was all paid. It will no longer suffice to make the argument that the writ must always be executed according to its terms. The great weight of authority is against this contention. See *Commonwealth* v. *Cole*, 7 B. Mon., 250; 46 Am. Rep., 506 and note.

The facts alleged in the replication, and which were admitted by the demurrer, conclusively showed that plaintiff lost her debt by the sheriff's wilful omission. It will not do to allow the sheriff to judge whether property is liable or not. He must levy on the particular property pointed out, if the levy does not involve a trespass. If he refuses, he does so at his peril. Waples on Attachment, 149–151; 8 S. & R., 444; 24 Gratt., 138; Murfree on Sheriffs, § 111a.

The levy of a writ of attachment on land involves no trespass. The sheriff does not require, and is not allowed to demand, indemnity. Even if he is required to levy on personal property, to seize which would be a trespass in a private person, he is bound to make the levy though he may know the property belongs to a third person. His remedy is to demand a bond of indemnity. 28 N. J. L., 224; 7 Pa. St., 206; 29 Ga., 706; *Ib.*, 710; *Redus* v. *State*, 54 Miss., 712. See also *Vassar* v. *Stewart*, 68 *Ib.*, 180.

*Calhoon & Green*, on the same side.

*Sykes & Richardson*, for appellee.

The fourth plea is a complete defense to the action. As between parties to the suit, the terms of the writ must control. Appellant procured her writ against a corporation, and the sheriff was directed to levy it on corporate property. The complaint is, that he did not levy it on the homesteads of individuals. It does not matter what the facts were, or as to how much doubt there was in the minds of creditors as to how to proceed. The writ was unconditionally against a corporation, and the plea says the property was not corporate property. Whether or not the corporators had paid their subscriptions, and could be held liable for portions thereof unpaid, could be tested only by some direct proceeding, and not on complaint against the sheriff for failure to levy the attachment on specific property. It devolves on the plaintiff to show that the property was liable to the writ at that time. It will not do to show that, by a consent decree in chancery, it was afterwards subjected to creditors. *Redus* v. *State*, 54 Miss., 712; 1 Wade on Attachments, 229; 16 Pick., 556; 2 N. H., 87; 2 N. J., 299; Croker on Sheriffs, § 853.

The reasoning of the court in *Alexander* v. *Telegraph Co.* has no place in this controversy.

Argued orally by *S. S. Calhoon*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

Interpreting the fourth plea as averring that the writ of attachment, for the failure to levy which this action is brought, was against the corporation, Gattman & Co., and that the homesteads were the property of the individuals, it is a bar to the action, and the replication is not an answer to it, for the liability of the officer is determinable, not by what may have resulted from the chancery suit, but by the legal aspect presented by the case with which he had to deal at the time when it is alleged that he incurred liability; and it is clear that process against a corporation cannot be legally served on individual property of natural persons composing it. As the fourth plea bars the action, it is useless to say more.

*Affirmed.*